UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WEINBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Case No.: 23cv454-LL-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 10]** |

## I.   BACKGROUND

On March 10, 2023, Defendant Walmart Inc. ("Defendant") filed a Notice of Removal of this action from San Diego County Superior Court. ECF No. 1. Defendant's Notice of Removal asserted jurisdiction was proper pursuant to 28 U.S.C. § 1332 because: "(1) Plaintiff Andrew Weinberg's ("Plaintiff") proposed putative class includes more than 100 members; (2) diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiff's claims exceeds $5,000,000, exclusive of interest and costs." *Id.* at 2.

On March 30, 2023, Plaintiff Andrew Weinberg ("Plaintiff") filed a Motion to Remand ("Motion"). ECF No. 10. In his Motion, Plaintiff argues that there is no federal equitable jurisdiction and that he lacks standing over the claim asserted in this action. *See*

ECF No. 10-1 at 5. On April 21, 2023, Defendant filed a statement of non-opposition to Plaintiff's Motion. ECF No. 13.

## II.  LEGAL STANDARD

### A.  Remand

A federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. *See* 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *See Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The party invoking the removal statute bears the burden of establishing that federal subject matter jurisdiction exists. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015) (citing *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 88–91 (2014)).

### B.  Article III Standing

"[A] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). In order to have standing under Article III, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Moreover, plaintiffs seeking injunctive relief "must demonstrate that they are realistically threatened by a repetition of the violation." *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis in original).

/ / /

/ / /

## III. DISCUSSION

Defendant's one sentence statement of non-opposition does not explain why it does not oppose remand even though it was the party that removed the case. As such, the Court is left to consider only Plaintiff's Motion.

A plaintiff who alleges past wrongs and seeks prospective injunctive relief must also "establish a real and immediate threat" that he or she will suffer the same injury in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-06 (1983) ("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy."); *see also HodgersDurgin v. De La Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("system-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class"). Here, Plaintiff's Complaint states only one cause of action against Defendant for a violation of the California Unfair Competition Law and seeks restitution and injunctive relief. *See* ECF No. 1-2 at 18. Plaintiff, however, acknowledges that he did not allege any imminent or actual threat of future harm from Defendant's allegedly unfair business practices. *Id.*

Further, Plaintiff's knowledge of the alleged unfair business practices means that Plaintiff lacks Article III standing for an injunctive relief claim in federal court. *See In re Yahoo Mail Litigation*, 308 F.R.D. 577, 587 (N.D. Cal. 2015) (a plaintiff's knowledge of a defendant's practices "precludes them from showing a likelihood of being injured in the future by those practices") (internal quotation marks and citation omitted). As such, Plaintiff's claims should be remanded to state court on these uncontested allegations.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**, and the case is therefore **REMANDED** back to the San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated:  May 2, 2023

_____
Honorable Linda Lopez
United States District Judge